**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Therron Renard Richardson, Appellant.

Appellate Case No. 2019-000114

---

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-279
Submitted June 1, 2021 – Filed July 21, 2021

---

**AFFIRMED**

---

Appellate Defender Adam Sinclair Ruffin, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston; all for Respondent.

---

**PER CURIAM:** Therron Richardson appeals three convictions related to trafficking cocaine and illegal possession of a firearm. He argues the trial court erred in admitting evidence seized from his residence during a warrantless search

in violation of the Fourth Amendment and section 16-25-70 of the South Carolina Code (2015 & Supp. 2020). We affirm.

1. We find the trial court did not err in concluding exigent circumstances existed allowing officers to enter and search Richardson's home without a warrant. *See State v. Brockman*, 339 S.C. 57, 65–66, 528 S.E.2d 661, 665–66 (2000) (stating that on an appeal from a suppression hearing, appellate courts are bound by the trial court's factual findings if any evidence supports the findings); *State v. Abdullah*, 357 S.C. 344, 349–50, 592 S.E.2d 344, 347 (Ct. App. 2004) ("In an appeal from a motion to suppress evidence based on Fourth Amendment grounds, an appellate court may conduct its own review of the record to determine whether the evidence supports the [trial] court's decision."). Officers received notice that an individual was locked in her bedroom scared that her boyfriend would harm her. Upon arrival at the reported address, officers encountered a truck in the yard and a cracked backdoor, both indicating the presence of an individual in the home. Officers knocked on the front and backdoors several times but received no answer. Fearing the individual was still locked in the bedroom, officers entered the home through the backdoor and found evidence of cocaine distribution during a protective sweep of the home. We find the substance of the phone call and the appearance that someone was inside the home was sufficient for an objectively reasonable officer to enter Richardson's home without a warrant and search for a victim or suspect. *See State v. Herring*, 387 S.C. 201, 210, 692 S.E.2d 490, 494 (2009) (finding a warrantless entry into a home is reasonable if, viewed objectively, the circumstances justify the action); *id.* at 210, 692 S.E.2d at 494–95 (stating exigent circumstances include the need to protect the safety of officers, prevent the flight of a suspect, or when there is a risk of danger to officers or others inside a dwelling). Accordingly, we affirm the trial court on this issue.

2. We find the officers did not exceed the scope of their protective sweep by conducting a field test on cocaine found in Richardson's home because the cocaine was in plain view before the officers tested the powder. *See Abdullah*, 357 S.C. at 352, 592 S.E.2d at 349 ("[A]ny object falling within the plain view of a law enforcement officer who is lawfully in a position to view the object is subject to lawful seizure."); *State v. Dobbins*, 420 S.C. 583, 595, 803 S.E.2d 876, 882 (Ct. App. 2017) ("The two elements needed to satisfy the plain view exception are (1) the initial intrusion that afforded the authorities the plain view was lawful and (2) the incriminating nature of the evidence was immediately apparent to the seizing authorities." (quoting *State v. Wright*, 416 S.C. 353, 368, 785 S.E.2d 479, 487 (Ct. App. 2016))). As discussed above, officers were lawfully inside Richardson's home pursuant to the exigent circumstances exception to the warrant requirement.

The officers performed a protective sweep of Richardson's home and observed a white powder residue on a small digital scale in the master bathroom along with several guns and large denomination cash bills in other parts of the master bedroom. Viewed alongside the guns, cash, and the fact that the white powder was on a small digital scale, the incriminating nature of the cocaine was immediately apparent to the officers upon observing it in the master bathroom. Therefore, the cocaine was in plain view before the officers conducted the field test. Accordingly, we affirm the trial court on this issue.

3. We find the trial court did not err in finding evidence seized from Richardson's home by a warrantless search was admissible because the officers were pursuing a suspect when they entered the home. *See* § 16-25-70(A) (stating law enforcement may arrest a suspect of criminal domestic violence (CDV) without a warrant when the officer has probable cause to believe the suspect committed CDV); § 16-25-70(C) ("[A] law enforcement officer may enter the residence of the person to be arrested in order to effect [an] arrest where the officer has probable cause to believe that the action is reasonably necessary to prevent physical harm or danger to a family or household member."); § 16-25-70(H)(1)(a) (stating evidence discovered during a warrantless search administered pursuant to the CDV statutes is admissible in court if it is found in plain view of an officer in a room where the officer is pursuing a suspect). Here, officers responded to the house believing an individual locked herself in a bedroom out of fear of her boyfriend. The officers entered Richardson's home pursuant to exigent circumstances with the intent to prevent physical harm to a CDV victim and to pursue and arrest a CDV suspect. While conducting a protective sweep of the home, officers observed the cocaine in plain view in the master bathroom. Because officers entered the home without a warrant with the dual purpose of protecting the victim and pursuing a suspect and the cocaine was in plain view in a room where the CDV suspect could have been, we find the statute does not preclude the admission of the evidence at trial. Accordingly, we affirm on this issue.

**CONCLUSION**

Based on the forgoing, Richardson's convictions are

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.